SMITH, Circuit Judge,
concurring.
I agree with the court’s judgment. I write separately to express my divergent path to that result. To me, the issue is not whether Van de Voorde “obtained” or was “conferred” Article III standing by objecting to the class settlement. She had Article III standing when, as a class member, she sued Wells Fargo. “As a member of the [settlement] class, petitioner has an interest in the settlement that creates a ‘case or controversy’ sufficient to satisfy the constitutional requirements of injury, causation, and redressability.” Devlin, 536 U.S. at 6-7, 122 S.Ct. 2005 (citing Lujan, 504 U.S. 555, 112 S.Ct. 2130). The issue, rather, appears to be one of prudential standing.
Settlement objectors must “meet the requirements for constitutional and prudential standing established by the Supreme Court in Lujan.” Delorme, 354 F.3d at 816. Prudential standing encompasses several concerns, including “[t]he general prohibition on a litigant’s raising another person’s legal rights.” Devlin, 536 U.S. at 7, 122 S.Ct. 2005 (quoting Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). As the court notes, Van de Voorde will not benefit from the objection she makes. She essentially seeks “to enforce someone else’s legal rights.” MainStreet Org. of Realtors, 505 F.3d at *988 746. Consequently, Van de Voorde lacks prudential standing rather than constitutional standing. The result, however, is the same.
I concur.